# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 11-1323** (Ohio County 10-F-101)

**Ray A. Metz,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Ray A. Metz, by counsel Brent Clyburn, appeals the Circuit Court of Ohio County's order entered on August 19, 2011, denying petitioner's motion for reduction of sentence. Respondent State of West Virginia, by counsel Marland Turner, has filed its response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on six counts of fraud in connection with an access device and two counts of forgery. Petitioner pled guilty to two counts of forgery and was sentenced to not less than one nor more than ten years of incarceration on each count, to run consecutively. Petitioner filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court denied his motion for reduction of sentence, and petitioner appeals.

On appeal, petitioner argues that his Rule 35(b) motion should have been granted because he has been a model prisoner, has two young children, the crimes were non-violent, and the sentence is disproportionate. Further, petitioner argues that the circuit court did not meaningfully consider his motion as it was denied one day after it was filed and the order lacked factual findings and legal conclusions. The State argues these sentences are not subject to appellate review because they are within statutory limits and not based on any impermissible factor. The State also argues that the circuit court referred to its initial findings because petitioner failed to present any new evidence justifying relief under Rule 35. Additionally, the State argues that petitioner's argument that the circuit court failed to adequately review the motion is unsupported.

This Court has adopted the following standard of review:

In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules

1

of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996). Additionally, this Court has held that, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982).

Our review of the record reflects no clear error or abuse of discretion by the circuit court. Additionally, the sentence imposed is within statutory limits and not based on any impermissible factors. Accordingly, we affirm.

Affirmed.

**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II